UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES AND FIDUCIARIES OF THE SHEET METAL WORKERS LOCAL UNION NO. 24 NEW JERSEY ANNUITY FUND, et al.,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**PRECISION AIR BALANCING,**<br><br>*Defendant.* | Civil Action No. 21-14645<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiffs Trustees and Fiduciaries of the Sheet Metal Workers Local Union No. 25 New Jersey Annuity Fund's (the "Annuity Fund"), Trustees and Fiduciaries of the Sheet Metal Local Union No. 25 New Jersey Welfare Fund's (the "Welfare Fund"), Trustees and Fiduciaries of the Sheet Metal Workers Local Union No. 25 New Jersey Vacation Fund's (the "Vacation Fund," and together with the Annuity Fund and the Welfare Fund, the "Funds"), and the Sheet Metal Workers Local Union No. 25's (the "Union" and collectively with the Funds, "Plaintiffs") unopposed Motion for Default Judgment, ECF No. 7, pursuant to Federal Rule of Civil Procedure 55(b)(2),[1] against Defendant Precision Air Balancing ("Precision" or "Defendant");

and it appearing that this action arises out of an alleged breach of a settlement agreement between Plaintiffs and Defendant, Compl. ¶¶ 14-19, ECF No. 1;

---

[1] "[T]he entry of default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). In deciding whether entry of default is warranted, the Court treats "the factual allegations in a complaint, other than those as to damages . . . as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

and it appearing that Defendant was a party to a collective bargaining agreement ("CBA") with the Union, which required Defendant to make payments of employee benefit contributions to Plaintiffs for work performed under the CBA, id. ¶ 8;

and it appearing that the CBA also obligated Defendant to produce upon request to Plaintiffs all books and records deemed necessary to conduct an audit of Precision's records concerning its obligations to Plaintiffs, id. ¶ 10; Ex. A, ECF No. 1.2;

and it appearing that after Defendant refused to comply with an audit request, Plaintiffs filed a lawsuit to enforce the audit obligation pursuant to the Employee Retirement Income Security Act of 1973 ("ERISA"), 29 U.S.C. § 209(a), Compl. ¶ 11; see also Trustees and Fiduciaries of the Sheet Metal Workers Local Union No. 25 New Jersey Annuity Fund v. Precision Air Balancing, No. 20-4674 (D.N.J.), ECF No. 1 (the "2020 Lawsuit");

and it appearing that thereafter, Defendant submitted to an audit for the period of January 1, 2016 through July 31, 2021, which revealed that Defendant owed to Plaintiffs $14,396.61 in principal, $1665.00 in audit fees, liquidated damages equal to 20% of the principal, legal fees equal to 10% of the principal, and ongoing interest of 18%, Compl. ¶ 12; Ex. B, ECF No. 1.3;

and it appearing that Defendant and Plaintiffs ultimately executed a Settlement Agreement to resolve the 2020 Lawsuit, in which Defendant agreed to pay a total of $25,180.93[2] with 18% interest per annum on all outstanding principal, Compl. ¶ 13; Ex. C, ECF No. 1.4;

and it appearing that although Defendant agreed to make a series of payments to resolve the delinquency, Defendant made only three payments for a total of $9400.00, Compl. ¶¶ 14-15; Ex. D;

---

[2] This total represented $14,396.61 in principal, $6,250.00 in legal fees, $2.879.32 in liquidated damages, and $1,655.00 in audit fees. Compl. ¶ 13; Ex. C.

and it appearing that the last payment was received on March 1, 2021, and despite Plaintiffs notifying Defendant of its obligations, Defendant has failed to make any subsequent payments under the Settlement Agreement, Compl. ¶¶ 15-18;

and it appearing that on August 5, 2021, Plaintiffs filed a single count Complaint against Defendant, asking the Court to enter judgment in favor of Plaintiffs for the balance due under the Settlement Agreement, plus interest, liquidated damages, and attorneys' fees, id. ¶ 19

and it appearing that Plaintiffs requested the Clerk of the Court enter default against Defendant on September 17, 2021, ECF No. 5, and the Clerk entered default on September 21, 2021;

and it appearing Defendant has failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that on November 11, 2021, Plaintiffs filed the instant renewed Motion for Default Judgment seeking entry of judgment against Defendant, ECF No. 7;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects service upon Defendant, ECF No. 4;

and it appearing that the Court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that this Court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331;[3]

---

[3] Although the Court also has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States," 28 U.S.C. §

3

and it appearing that Plaintiffs assert that jurisdiction is proper in this Court under sections 502(a)(3)(B), (d)(1), (f), and (g)(2) and 403(a)(1), (b) and (c) of ERISA and section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), Compl. ¶ 1;

and it appearing that in Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994), the Supreme Court held that when a federal court dismisses an action pursuant to a settlement agreement, that court lacks jurisdiction to enforce that settlement agreement unless the obligation of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction; see also In re Phar-Mor Inc. Secs. Litig., 172 F.3d 270, 274 (1999);

and it appearing that here, the dismissal order did not contain a provision retaining jurisdiction over the Settlement Agreement or incorporating the Settlement Agreement or any of its terms, see 2020 Lawsuit, ECF No. 17;

and it appearing that "a court does not have jurisdiction over a settlement agreement just because that agreement settled a federal cause of action," Angelo v. Gemelli Constr., No. 08-124, 2009 WL 448776, at *3 (D.N.J. Feb. 23, 2009) (citing Nelson v. Pennsylvania, 125 F. App'x 380, 382 (3d Cir. 2005));

and it appearing that as pled, Plaintiff's claim asks the Court only to enforce a judgment for payment of damages due under a contract adjusted by a contractual—not ERISA-based— liquidated damages clause;

and it appearing that because enforcement of the Settlement Agreement will not implicate ERISA or LMRA, the Court finds that there is no basis for subject matter jurisdiction, see Painters & Allied Trades Dist. Council 711 Health & Welfare v. RDD Inv. Grp., No. 11-5702, 2012 WL

---

1322(a)(1), Plaintiffs have not pled Defendant's state of citizenship and the amount in controversy is less than $75,000, as Plaintiffs request only $17,138.32 in damages plus interest and attorneys' fees and costs. Compl. ¶ 19

4

3987638, at *10 (D.N.J. Sept. 11, 2012) ("To maintain such a case in federal court, however, the fund must show an independent basis for subject matter jurisdiction—the fact that the original judgment had been obtained in an ERISA action is not enough"); Dailey v. Park, 468 F. Supp. 2d 209, 212 (D.D.C. 2007) ("[E]nforcement of a settlement agreement is factually independent from the underlying cause of action and requires its own basis for jurisdiction" (quotation omitted));

**IT IS** on this 31st day of May, 2022;

**ORDERED** that Plaintiffs' Motion for Default Judgment, ECF No. 7, is hereby **DENIED without prejudice**; and it is further

**ORDERED** that to the extent Plaintiffs can rectify the deficiencies identified in this Order, they may refile a renewed motion within thirty (30) days.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

5